USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LEAH SEGEDIE and DMITRIY SHNEYDER, on                       :
behalf of themselves and all others similarly               :
situated,                                                   :
                                                            :
                          Plaintiffs,                       :
                                                            :
          -against-                                         :          14-cv-5029 (NSR)
                                                            :
                                                            :          OPINION & ORDER
THE HAIN CELESTIAL GROUP, INC. and JOHN                     :
DOES #1-99,                                                 :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

        The instant motion relates to the putative class action brought by Leah Segedie and

Dmitriy Shneyder ("Plaintiffs"), on behalf of themselves and all others similarly situated,

against the Hain Celestial Group, Inc. ("Hain Celestial" or "Defendant") and unnamed

co-defendants.  Defendant moves the Court to amend and certify the Opinion and Order

entered on May 7, 2015, *Segedie v. Hain Celestial Grp., Inc.*, No. 14-CV-5029 NSR, 2015

WL 2168374 (S.D.N.Y. May 7, 2015) (the "May 7 Opinion" or "Opinion"), for interlocutory

appeal pursuant to 28 U.S.C. § 1292(b). The May 7 Opinion denied Defendant's motion to

dismiss certain claims contained in the class action complaint (the "Complaint") that are

relevant to the current dispute.

        For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

        The facts and prior proceedings are set forth in greater detail in the May 7 Opinion,

familiarity with which is presumed.

The Opinion granted in part and denied in part Defendant's motion to dismiss.  The claims for breach of implied warranty of merchantability; deceit and/or misrepresentation, fraudulent concealment, and constructive fraud in violation of common law and California Civil Code §§ 1709, 1573, *et seq.*; negligent misrepresentation under New York law; and unjust enrichment under California law, as well as all claims based on products not identified in the Complaint, were dismissed. All other claims survived, including the claim that certain products labeled "organic" contain ingredients that applicable law allegedly prohibits in organic products, rendering the label false and misleading (the "Organic Claims").

The Court considered and denied Defendant's claims that (1) the Organic Foods Production Act of 1990, 7 U.S.C. §§ 6501-6523 ("OFPA") preempts the Organic Claims, and (2) the Court should defer to the primary jurisdiction of the United States Department of Agriculture ("USDA"). In doing so, the Court declined to follow the Eighth Circuit's decision in *In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices Litig.*, 621 F.3d 781 (8th Cir. 2010). Defendant argues that, therefore, the issues should be certified for interlocutory appeal.

## STANDARD ON A MOTION TO AMEND AN ORDER TO CERTIFY FOR INTERLOCUTORY APPEAL

A Court may certify for interlocutory appeal an order that involves (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation.[1]  28 U.S.C. § 1292(b).  The moving party has the burden of establishing all three

---

[1] Note, even if the Court certifies, the Order is still not appealable as of right.  The appellate court must also grant leave to appeal. 28 U.S.C. § 1292(b).

elements. *See Casey v. Long Island R.R.,* 406 F.3d 142, 146 (2d Cir. 2005).  The conditions create a significant hurdle to § 1292(b) certification, "since 'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citing *Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir.1959)). Even when the statutory criteria are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd*., No. 06–CV–15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc*., 71 F.Supp.2d 139, 166 (E.D.N.Y.1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable") (internal citation omitted)).

Moreover, interlocutory appeals are strongly disfavored in federal practice. *In re Ambac Fin. Grp., Inc. Sec. Litig.,* 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Movants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases." *In re Levine,* No. 94–44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted).

For these reasons, and because a basic tenet of federal law is to delay appellate review until a final judgment, § 1292(b) certification should be "rare."  *Koehler v. Bank of Bermuda Ltd*., 101 F.3d 863, 865 (2d Cir. 1996).  Certification should be reserved for "exceptional" cases, for example, where an immediate appeal would avoid protracted litigation. *Id.* at 865-66. *See also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524,

529-30 (S.D.N.Y. 2014) *(quoting McNeil v. Aguilos*, 820 F.Supp. 77, 79 (S.D.N.Y.1993) (Sotomayor, J.) ("[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

## DISCUSSION

### I.    Controlling Question of Law

The first prong of the § 1292(b) analysis requires the Court to address whether a controlling question of law exists. As a threshold matter, the Court agrees with Defendant that questions of preemption, primary jurisdiction, and exhaustion of administrative remedies are "pure questions of law" that the reviewing court could decide without knowledge of the record. *See Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, No. 02 Civ. 7434, 2005 WL 1176072, at \*10 (S.D.N.Y. May 19, 2005) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) ("In regard to the first prong [of the 1292(b) analysis], the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'")).  In determining whether these questions are also controlling, however, the Court must also consider whether: "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.,* No. 11 Civ. 6784(WHP), 2013 WL 5405696, at \*2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y.2001)).

Defendant asserts that certification is proper because, among other reasons, the certified issue has wide-reaching implications. Since this is an issue of first impression for this Court, a reversal of the Order would have significant precedential value that could impact

4

future cases. Given the novelty of these issues—specifically, the interpretation and application of the OFPA as it relates to a state law action—a reversal could open the door to a number of consumer lawsuits. However, "[p]recedential value is not 'per se sufficient to meet the "controlling issue of law" standard.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 537 (S.D.N.Y. 2014) (citing *Klinghoffer*, 921 F.2d at 24) (observing that precedential value is factor to be taken into account but is not a requirement) (citations omitted)). The Court must also consider the effect certification would have on the instant case.

While reversal of the Order would certainly affect the conduct of the action, it would not result in dismissal of the action. Instead, it would create the type of piecemeal litigation that weighs against § 1292(b) certification. *See Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 Civ. 492(WHP), 2009 WL 5177977, at *5 (S.D.N.Y. Dec.15, 2009). The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b). *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) ("The efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case.") (internal citations omitted). Certification of the issues for appeal at this stage would not improve the efficiency of this action; the issues presented for certification are controlling with regards to individual claims and would alter the course of this action, but their dismissal would not terminate the entire action. *See Century Pac., Inc. v. Hilton Hotels Corp.,* 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) ("While reversal of the Order may very well simplify this action or alter its course, that result would be no different from any case where a

court granted summary judgment on a set of claims and denied summary judgment with respect to the counterclaims.").

Therefore, the Court is not persuaded that the issues of preemption, primary jurisdiction, and exhaustion of administrative remedies are controlling issues of law ripe for a § 1292(b) appeal. Though technically this determination alone is sufficient to deny certification, the Court nevertheless will consider the remaining factors.

## II.     Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo*, LLC, 972 F.Supp.2d 537, 551 (S.D.N.Y. 2013). Mere conjecture that courts would disagree on the issue or that the court was incorrect in its holding is not enough; "[f]or there to be a 'substantial ground for difference of opinion' under the law, 28 U.S.C. § 1292(b), there must be 'substantial doubt' that the district court's order was correct." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.,* No. 06-CV-15375KMK, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (quoting *N.F.L. Ins. v. B&B Holdings*, No. 91 Civ. 8580(PKL), 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (in turn quoting S.Rep. No. 85–2434, at 3 (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5257)). The possibility of a different outcome on appeal is not sufficient to show a substantial ground for difference of opinion, nor is "the mere presence of a disputed issue that is a question of first impression." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

### A.     Whether the OFPA Preempts Plaintiffs' State Tort Law Claims

The Court's decision that state tort law claims are not preempted by the OFPA presents no substantial ground for difference of opinion to warrant § 1292(b) certification. The Opinion found that "the mere fact of tension between federal and state law is generally

not enough to establish an obstacle supporting preemption" and "permitting the Organic Claims to proceed would not present a 'sharp' conflict with congressional purposes that rises above the level of mere 'tension.'" *Segedie*, 2015 WL 2168374, at *5-6. Defendant contends that a substantial ground for difference of opinion does exist because (1) the Court ruled in a manner that appears contrary to *"the rulings of all Courts of Appeals which have reached this issue,"* and (2) a novel and difficult issue of first impression is presented. (Defendant's Memorandum of Law in Support of Motion to Amend the Court's May 7, 2015 Order to Add a Certificate of Appealability ("Def. Br.") at 12; Defendant's Reply Memorandum of Law in Further Support of Defendant's Motion to Amend the Court's May 7, 2015 Order to Add a Certificate of Appealability ("Def. R.") at 6.)

In support of its first argument, Defendant claims that all Courts of Appeals have decided otherwise on the OFPA preemption claim, which presents a substantial ground for difference of opinion. Defendant cites to the Eighth Circuit's decision in *Aurora*, 621 F.3d at 781, and the California Court of Appeal decision in *Quesada v. Herb Thyme Farms, Inc.*, 166 Cal. Rptr. 3d 343, 349 (Cal. App. 2d Dist. 2013). As a threshold matter, the Court does not give much weight to the opinion of a state appellate court. In any event, "courts have repeatedly found that '[d]isagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion.'" *Murray v. UBS Sec., LLC*, No. 12 CIV. 5914 KPF, 2014 WL 1316472, at *6 (S.D.N.Y. Apr. 1, 2014) (citing *Colon ex rel. Molina v. BIC USA, Inc.*, No. 00 Civ. 3666(SAS), 2001 WL 88230, at *2 (S.D.N.Y. Feb. 1, 2001); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. MDL 1358(SAS), 2005 WL 39918, at *2 (S.D.N.Y. Jan. 6, 2005) ("[D]isagreement outside this Circuit ... [does not] demonstrate a substantial ground for a difference of opinion."). The

7

Court recognizes that it declined to follow the only Circuit Court to have addressed the preemption issue. However, this is not enough to meet the high burden established by § 1292(b) (i.e., one differing Circuit Court opinion is not enough to establish a *substantial* grounds for difference of opinion).

Next, Defendant asserts that a substantial ground for a difference of opinion arises where the trial court rules on a novel and difficult question of first impression. Defendant cites to *In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV.3288, 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) as an example. In *Worldcom*, no Court of Appeals had yet to address the issue decided by the district court, and there was no disagreement among district courts in the Second Circuit. *Id.* at *6. Nevertheless, the Court found that a substantial ground for difference of opinion existed. *Id*. In *Worldcom*, however, the Court was able to cite several federal district court cases that had disagreed with its previous analysis. *Id*. In the instant case, Defendant is only able to cite to one federal case with a diverging opinion. *See Aurora*, 621 F.3d at 781. While this one case demonstrates a difference of opinion, it is not sufficient to find *substantial doubt* in the Court's analysis. *See SPL Shipping Ltd*, 2007 WL 1119753, at *2. Although the Second Circuit has not yet addressed the preemption issue, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor,* 79 F.3d at 284.

In addition, although precedent on the issue is lacking, the preemption issue itself is not particularly difficult. As this Court already found, "[n]othing suggests that the divergence among courts will be so great as to create an 'obstacle' to the establishment of national standards and facilitation of interstate commerce"— two of the purposes of the OFPA. *Segedie*, 2015 WL 2168374, at *6. Further, Defendant's preemption argument mistakes the purpose of a consumer protection suit, which Defendant claims is to determine whether the

8

USDA-approved certifying agent erred. In fact, the purpose of the consumer protection suit is to determine whether the label is "misleading," which a jury could find regardless of whether the certifying agent erred.[2]

Defendant attempts to distinguish *Wyeth v. Levine* on the basis that the Federal Food, Drug, and Cosmetic Act (the "FDCA") and the OFPA have differing regulatory schemes and legislative histories. *See Wyeth v. Levine*, 555 U.S. 555 (2009). Defendant contends that, because the legislative history of the OFPA contains witness testimony suggesting statutory language that would create a right for citizen suit, Congress must have expressly denied the private right of action when it failed to include such language. (Def. R. at 9). The Court is more heavily persuaded by the *Wyeth* court's analysis (specifically, that state tort law actions are not preempted because, otherwise, no remedy exists for consumers duped into purchasing falsely labeled organic products), and, as this Court previously held, that Congress clearly preempted other areas in the OFPA (i.e., state organic certification regimes) but failed to expressly preempt state tort law actions. *See Wyeth*, 555 U.S. 573-74; *Segedie*, 2015 WL 2168374, at *5-6.

For the foregoing reasons, the Court holds that Defendant failed to meet the heavy burden of proving a substantial ground for difference of opinion with regards to the preemption claim.

-----

[2] First, an error in applying the organic regulations does not necessarily mean that the label is misleading.  A jury could find that the error was so *de minimus* that a reasonable consumer would not have been misled.  Second, Plaintiff points out that not every product label is sent to a certifying agent for approval.  Thus, even if the agent did not err in approving the organic plan, the resultant labels could still be misleading if Defendant did not follow their own organic plan.

B.      Whether Plaintiffs are Required to Exhaust their Administrative Remedies

The Court is similarly unconvinced that any substantial ground for difference of opinion exists as to whether the Plaintiffs are required to exhaust their administrative remedies. In support of their argument that a substantial ground does exist, Defendant takes pain to rehash the role of certifying agents under the OFPA. (*See* Def. Br. at 14-15.) However, the role of certifying agents is irrelevant to the question of whether Plaintiffs should be required to exhaust their administrative remedies before turning to the courts. The pertinent inquiry is what remedies, if any, are provided to consumers who have been harmed by mislabeled products.

While Defendant outlines the "procedures" for private parties to file complaints alleging violations of the OFPA, Defendant overstates the consumers' rights with regards to the investigation of noncompliance and enforcement mechanisms. (*See* Def. Br. at 16.) In fact, the OFPA does not provide any "administrative procedure" for a consumer to exhaust. As this Court has previously noted:

> [T]he [National Organic Program's (the "NOP")] website invites the public to report noncompliance to the NOP Compliance and Enforcement Division of the AMS. A certifying agent or the Compliance and Enforcement Division may then investigate the complaint and take appropriate action—e.g., issuing a notice of noncompliance. Apart from this provision, the OFPA and NOP are silent on relief for consumers.  There is no mechanism to provide restitution or any other remedy to consumers harmed by violations of the OFPA or NOP regulations.

*Segedie*, 2015 WL 2168374, at *4 (citations omitted). Therefore, the Court refuses to acknowledge any substantial doubt with regards to this analysis.

C.      Whether Deference to the USDA is Appropriate

No substantial ground for difference of opinion exists as to whether deference to the USDA's expertise and pending rulemaking is appropriate. In an attempt to show substantial

doubt as to the correctness of the Court's Opinion, Defendant lists six (6) USDA actions that it claims prove deference is appropriate. Defendant fails, however, to address the factors outlined in the Court's opinion or to cite any law to the contrary.

In its Opinion, the Court outlined four factors considered in the primary jurisdiction inquiry:  "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made."  *Ellis v. Tribune Television Co.*, 443 F.3d 71, 82-83 (2d Cir. 2006).  Defendant does not explain how any of these factors weigh in favor of deferring to the USDA.

Importantly, no issue is currently before the USDA to which the Court can defer.  If the USDA were to issue a rule tomorrow permitting all of the challenged ingredients in organic foods, it would not apply retroactively to the products that Defendant labeled and sold over the past several years. *See Segedie*, 2015 WL 2168374, at *13 ("There is no suggestion that Defendant's compliance with OFPA regulations is a matter of USDA discretion, as the USDA cannot retroactively amend the organic regulations.") Therefore, the current claims would not be affected.

Moreover, the USDA has itself acknowledged that the nutrient vitamins and minerals exception, *as currently written on the books*, does not permit the challenged ingredients. *See* 7 C.F.R. § 205.605(b); USDA's Petitioned Substance Database; October 2012 NOP Newsletter,

at 4-5.[3] Therefore, this is not a matter of allowing the USDA to interpret its own regulation—the USDA has already interpreted it, and the interpretation was adverse to Defendant's position.  Therefore, deference to the USDA is not appropriate, and no substantial grounds for difference of opinion exists.

**III.    Material Advancement of the Termination of Litigation**

Finally, the Court must consider whether an appeal would materially advance the termination of this litigation. An immediate appeal is unlikely to materially advance the termination of the litigation where discovery as to the challenged claims "appears likely to overlap to a considerable extent" with the remaining claims. *Isra Fruit Ltd. v. Agrexco Agr. Exp. Co.*, 804 F.2d 24, 25-26 (2d Cir. 1986). "At the same time, one of the chief concerns of Section 1292 is the efficiency of the federal court system, and efficiency is of particular concern in large complex cases." *In re WorldCom, Inc. Sec. Litig*., No. 02 CIV.3288, 2003 WL 22953644, at *4 (S.D.N.Y. Dec. 16, 2003) (citing *In re Lloyd's American Trust Fund Litig.,* No. 96 Civ. 1262(RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug.12, 1997)).

Defendant asserts that a successful interlocutory appeal would dismiss claims related to certified organic products and remove from the case a majority of the products outlined in the Complaint, which would significantly shorten discovery. (Def. Br. at 19-20.) On the other hand, as Plaintiff points out, the "Natural Claims" involve the same causes of action and many of the same factual inquiries as the "Organic Claims," so discovery likely would overlap to a significant extent. (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Amend the Court's May 7, 2015 Order to Add a Certificate of Appealability at 23-24.) While

---

[3] Available at www.ams.usda.gov/AMSv1.0/ams.fetchTemplateData.do?template=TemplateJ&page=NOPNationalList. October 2012 NOP Newsletter, available at http://www.ams.usda.gov/AMSv1.0/getfile?dDocName=STELPRDC5100909.

discovery would indeed overlap, if the "Organic Claims" were to be dismissed, a large portion of discovery would become unnecessary, which presumably would "advance the time for trial or … shorten the time required for trial," contrary to Plaintiff's argument. *Transportation Workers Union, Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).

Therefore, certification for interlocutory appeal may materially advance the termination of the litigation. In any event, that determination is of no consequence, because Defendant has failed to prove that a substantial ground for difference of opinion or a controlling question of law exists for each of the three questions presented. *See Murray*, 2014 WL 1316472, at *2 (The party moving for interlocutory appeal "bears the burden of demonstrating that *all three* of the substantive criteria are met.") (emphasis added).

## CONCLUSION

For the foregoing reasons, Defendant's motion to amend/correct the Opinion and Order entered on May 7, 2015 to add a certificate of appealability is DENIED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 48.

Dated:   October 7th, 2015
         White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

13